UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 21-8811-JLS (KS)                                           Date: November 16, 2021
Title      _Warren Andrew Nelson v. People of California_


Present: The Honorable:    Karen L. Stevenson, United States Magistrate Judge


            Gay Roberson                                           N/A
            Deputy Clerk                                  Court Reporter / Recorder

      Attorneys Present for Petitioner:              Attorneys Present for Respondent:

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

**I.      The Petition and Prior Proceedings**

On November 8, 2021, Petitioner, a California state prisoner proceeding _pro se_, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 1.) Petitioner's publicly-available state court records[1] establish that, on November 23, 2009, he was convicted by a jury in the Los Angeles County Superior Court of attempted first degree robbery. _People v. Nelson_, No. B221843, 2011 WL 3572157, at *1 (Cal. Ct. App. Aug. 16, 2011); _L.A. Superior Court Case Summary, available at_ http://www.lacourt.org/criminalcasesummary (last visited Nov. 16, 2021) ("Superior Court Case Summary"). The jury also found true allegations that Petitioner committed the attempted robbery for the benefit of a criminal street gang, and that Petitioner personally discharged a firearm causing death (Cal. Penal Code §§ 664/211, 186.22(b)(1)(C), 12022.53(d), (e)(1)). Petitioner was acquitted of a murder charge. _People v. Nelson_, 2011 WL 3572157, at *1. On January 14, 2010, the trial court sentenced Petitioner to a term of 25 years to life in state prison. (Dkt. No. 1 at 1[2]; Superior Court Case Summary.)

---

[1]    Federal courts may take judicial notice of relevant state court records in federal habeas proceedings. _See Smith v. Duncan_, 297 F.3d 809, 815 (9th Cir. 2001), _overruled on other grounds by Pace v. DiGuglielmo_, 544 U.S. 408, 418 (2005); _Williams v. Jacquez_, No. CV 09-2703 DSF (DTB). 2010 WL 1329585, at *2 (C.D. Cal. Feb. 22, 2010) (taking judicial notice in § 2254 habeas case of California state court appellate records).

[2]    The Court's page citations refer to the numbering provided by the Court's CM-ECF electronic filing system at the top right corner of each page.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-8811-JLS (KS)                                                Date: November 16, 2021

Title      _Warren Andrew Nelson v. People of California_

    Petitioner appealed the judgment of conviction to the California Court of Appeal, Second Appellate District, Division Three. On August 16, 2011, the state appellate court ordered a modification of Petitioner's abstract of judgment to reflect corrected presentence custody credits, but affirmed Petitioner's conviction and sentence in all other respects. *People v. Nelson*, 2011 WL 3572157, at *10.

    The Petition provides no further information about Petitioner's appeal or any postconviction petitions. His state court records do not reflect any filing in the California Supreme Court, and no further filings in the California Court of Appeal. *California Appellate Courts Case Information*, *available* at *http://appellatecases.courtinfo.ca.gov* (last visited on Nov. 16, 2021). The Superior Court Case Summary reflects one habeas petition being filed in the trial court on December 24, 2019; there is no public record of the disposition in that matter.

    The Petition asserts a single claim for relief. Petitioner contends the imposition of one of his sentence enhancements (under Cal. Penal Code § 12022.53(d)) violated "the protection against double jeopardy" and should also be terminated in light of recent changes to California law. (Dkt. No. 1 at 4-5.)

**II.     Habeas Rule 4**

    Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). However, a district court's use of this summary dismissal power is not without limits. *Id.* at 1128. A habeas court must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal. *Id.* Accordingly, **by this Order, the Court notifies Petitioner that the Petition is subject to dismissal because it is facially untimely and unexhausted.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-8811-JLS (KS)                                          Date: November 16, 2021

Title      *Warren Andrew Nelson v. People of California*

**III.    The Petition is Facially Untimely**

Based upon the background facts above, outlined above, the Petition is subject to summary dismissal because it is untimely. The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs this action, establishes a one-year statute of limitations for state prisoners to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). The "statutory purpose" of the one-year limitations period is to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Carey v. Saffold*, 536 U.S. 214, 226 (2002). The one-year limitations period is subject to a statutory tolling provision, which suspends it for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001). Additionally, in certain "extraordinary circumstances" beyond a prisoner's control, equitable tolling may be available to toll the one-year limitations period. *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010).

The Section 2244(d)(1) limitations period is triggered and begins to run from the latest of:

(A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed;
(C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or
(D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Here, section 2244(d)(1)(A) is the only applicable subsection based on the face of the Petition and available state court records. Under that provision, the state court's judgment of conviction became final on September 25, 2011 – forty days after the California Court of Appeal issued its decision, which was the deadline for filing a petition for review in the California Supreme Court. *Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008); Cal. R. Ct. 8.366(a)(1), 8.500(e)(1). The limitations period then ran from approximately September 26, 2011 to September 26, 2012.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-8811-JLS (KS)                                                                 Date: November 16, 2021

Title   _Warren Andrew Nelson v. People of California_

28 U.S.C. § 2244(d)(1)(A).  However, Petitioner did not commence the pending federal habeas action until November 2021.  Consequently, the Petition is facially untimely by more than nine years and subject to dismissal.  *See* Habeas Rule 4.

Further, the Petition does not allege, much less establish, that Petitioner is entitled to an alternative commencement date for the statute of limitations or that he is entitled to statutory or equitable tolling.  Notably, Petitioner did not file his first (and only) state habeas petition at any level of the state courts until 2019, long after AEDPA's one-year statute of limitations had lapsed.  *See Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) ("Because [the petitioner] did not file his first state petition until after his eligibility for federal habeas had already lapsed, statutory tolling cannot save his claim."); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

In the Petition, Petitioner does not address timeliness under AEDPA, but does more generally seek to excuse any inaction on his part as a result of his ignorance of the law.  (Dkt. No. 1 at 3, 5.)  However, under settled case law, Petitioner's ignorance of the law would not entitle him to equitable tolling of the statute of limitations.  *See Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) (observing that the equitable tolling "standard has never been satisfied by a petitioner's confusion or ignorance of the law alone"); *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 n.4 (9th Cir. 2009) ("[A] pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling"); *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (collecting cases from other circuits and holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.").

In sum, Petitioner has not – and most likely cannot – demonstrate sufficient statutory and/or equitable tolling to extend his deadline for filing the instant Petition.  Accordingly, the Petition is untimely, rendering this action subject to dismissal under Habeas Rule 4.

**IV.   The Petition is Unexhausted**

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition.  *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982).  Accordingly, the habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-8811-JLS (KS)                                   Date: November 16, 2021

Title     _Warren Andrew Nelson v. People of California_

appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

To satisfy the federal habeas statute's exhaustion requirement, a state prisoner must "fairly present" his federal claims to the state courts, that is, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). In California, a state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); *Keating v. Hood*, 133 F.3d 1240, 1242 (9th Cir. 1998). However, Petitioner does not allege, and his public state-court records do not reflect, that he filed any petitions for review or habeas petitions in the California Supreme Court related to his judgment of conviction or incarceration. Consequently, the Petition is also subject to dismissal as wholly unexhausted. *Rose*, 455 U.S. at 510, 521.

**V.     Conclusion and Order**

The Court's review of the Petition and available state court records establishes that Petitioner is not entitled to relief because the Petition is untimely and wholly unexhausted, which subjects the Petition to summary dismissal under Habeas Rule 4. Nevertheless, in the interests of justice, the Court grants Petitioner the opportunity to show his Petition is, in fact, timely and exhausted by filing a First Amended Petition that establishes both.

**IT IS THEREFORE ORDERED that, to discharge this Order and avoid dismissal, Petitioner, no later than DECEMBER 7, 2021, shall file a First Amended Petition that does all of the following:**

**(1) Clearly identifies the state court judgment or proceeding that Petitioner is challenging;**
**(2) Clearly identifies the date on which the statute of limitations began to run on Petitioner's claim;**
**(3) Establishes one or both of the following:**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-8811-JLS (KS)                                             Date: November 16, 2021

Title        *Warren Andrew Nelson v. People of California*

        a. **Petitioner is entitled to statutory tolling due to the number and timing of his state habeas petitions attacking the relevant conviction or sentence; and/or**
        b. **Petitioner diligently pursued the instant habeas claims but extraordinary circumstances beyond his control prevented Petitioner from filing the Petition for many years.**
        **and;**

(4)   **Establishes that Petitioner's claim is fully exhausted because Petitioner presented it to the California Supreme Court.**

Alternatively, Petitioner may file a signed document entitled "Notice of Voluntary Dismissal" if he no longer wishes to proceed with this action.

The Clerk is directed to send Petitioner a copy of the Central District's form habeas petition.

**IT IS SO ORDERED.**

                                        **Initials of Preparer**   gr